**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4290**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JEROME NAQUAN HAYNES, a/k/a Marlo,

                    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:14-cr-00032-IMK-JSK-8)

Submitted:  November 23, 2015          Decided:  December 3, 2015

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dorwin J. Wolfe, THE WOLFE LAW FIRM, Elkins, West Virginia, for Appellant. Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia; David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Naquan Haynes appeals the district court's judgment sentencing him to 121 months of imprisonment pursuant to his conviction for aiding and abetting in the distribution of oxycodone within 1000 feet of a protected location, in violation of 18 U.S.C. § 2 (2012); 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860 (2012). Haynes' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but questions whether the district court clearly erred in applying sentencing enhancements for Haynes' possession of a firearm and his managerial role in the offense. Although advised of his right to do so, Haynes filed no pro se brief. The Government declined to file a brief.

In determining whether the district court properly applied a sentencing enhancement, this court "review[s] factual findings for clear error and legal conclusions de novo." United States v. Adepoju, 756 F.3d 250, 256 (4th Cir. 2014).

When the charged offense involves drug trafficking, courts should impose a two-level increase to the defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed." U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2014). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A).

2

Courts should also impose a three-level enhancement where the defendant was "a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."  USSG § 3B1.1(b). "[A] district court's determination that a defendant held a leadership role . . . is essentially factual, and, therefore, is reviewed for clear error."  United States v. Steffen, 741 F.3d 411, 414 (4th Cir. 2013) (internal quotation marks omitted).

Here, we perceive no clear error in the district court's application of either enhancement.  Haynes admitted purchasing the firearms in question, and his codefendants testified that he purchased the firearms with oxycodone.  Similarly, Haynes admitted exercising a leadership role in an extensive criminal operation, and the evidence presented at sentencing supports this concession.  Therefore, the district court appropriately applied enhancements for use of a firearm and acting in a managerial position in an extensive criminal operation.

Accordingly, we affirm the district court's judgment.  This court requires that counsel inform Haynes, in writing, of his right to petition the Supreme Court of the United States for further review.  If Haynes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof

3

was served on Haynes.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED